we will hear argument next in number twenty four twelve hundred evans against collins mister thank your honor may it please the court uh... on behalf of mister evans i want to thank this court for the opportunity to present his appeal uh... this appeal asked the court to review two regulations that the veterans court misinterpreted first the veterans court misinterpreted thirty eight cfr three dot three one eight to exclude pending increased rating claims from those that may include related disease within its scope this is contrary to the plain language of that regulation and the secretary's own rulemaking comments in the federal register the appeal also asked the court to consider whether a report of examination that demonstrates an uncompensated disability resulting from a previously rated injury uh... supports an informal claim the board's fact finding shows that prior to nineteen ninety six mister evans was rated only for a nerve disability and that resulted from his combat injuries but the nineteen ninety six examination disclosed the presence of impairment in the shoulder joint that had not been before compensated uh... under these undisputed facts we believe that uh... the the presence of this new impairment that has not been compensated represents an increase under the regulation uh... this is so because under eleven ten can i just ask as you know our uh... jurisdiction is uh... limited in uh... to to some subset of what normal appellate review and agency action would be in basically we cannot touch factual findings and applications of relevant legal principles to facts we just can't do it uh... and uh... principle at least the first i think argument by the government and i think uh... adopted by the veterans court is that as a matter of fact the there was not requisite uh... that required basis to say that there was an informal claim for this why is that not a factual question that we are jurisdictionally disentitled to touch and i think you agreed in your gray brief that if that's right the other arguments fall away because the other arguments about the regulation and the nehmer class uh... depend on this that's correct the nehmer regulation requires some claim and there's still a dispute between the parties uh... whether in a pending claim versus a finally decided claim but uh... here what what we notwithstanding the board's fact finding uh... as we understand the law when a new disability develops it is an increase period if it's not uh... under under the plain interpretation doesn't doesn't have to be an increase over in this case the original was in nineteen sixty eight or sixty nine sixty eight assessment rather than an increase you know in the mid nineties of something that the condition in the early nineties it has the time of the informal claim has to be an increase over the original uh... going all the way back to sixty eight and i thought that's what the board of veterans appeals has affirmed by the veterans court said just wasn't there they did say that your honor but again that is a legally erroneous conclusion because the development of a shoulder joint impairment that is separate from the the rated nerve impairment is a different and additional disability so basically what what what the veterans what the VA had rated in nineteen sixty eight was a pure nerve impairment the diagnostic code used was eighty five thirteen which is under uh... thirty eight cfr four dot one two four a which rates neurological disabilities that the uh... condition and the additional impairment that was disclosed in the nineteen ninety six examination limitation of motion or loss of functioning in the shoulder joint which is under four point seven one a as we talked about in our briefing uh... the regulations uh... in particular four point two one and four point two seven uh... recognize that different diagnostic codes represent different disabilities as a matter of law and so and when you just look at the way that part four is structured each of the different body systems are separately uh... discussed and show different impairments so when you have a limitation of motion within a joint it is always a different impairment from a nerve disability now we recognize that in as we talked about in a reply brief the VA still has to go through the process and this is where the secretary talked uh... really focused a lot of their argument on the VA still has to go through the process of evaluating the claim and determining yes or no this is a different disability that can be compensated under four point two five b but that's not what three point one five seven looks for counsel maybe just to also do this for the benefit of some people in the room and you talked a little bit with judge taranto about it but could you just explain at uh... high level what are the limitations on our jurisdiction because that's very important to the inquiry here absolutely your honor so this court's jurisdiction at least with respect to veterans court decisions is limited to legal questions only so this court cannot review fact finding and it cannot review facts to law except that under at least groves v peak as we as we pointed out in the reply brief the application of undisputed fact to the law is a question of law and so generally what we look for is is whether the veterans court misinterpreted a law or relied upon a misinterpretation is generally uh... how this court's case law has construed the seventy two ninety two jurisdiction uh... and so and and that's important uh... for the audience obviously there's there's a question about whether the shoulder impairment is different than a nerve impairment but again under the under the interpretation of the various law regulations that the secretary has created uh... each of those different impairments are are uh... different from each other at least enough so that under three point one five seven when we have more impairment from the service injury in the shoulder joint now as opposed to just the nerve which was rated then that would represent an increase in under massey's interpretation of this regulation that would indicate that increase had occurred from the nineteen sixty eight rating and uh... what we know from the record i believe it's on page fifty six of the record uh... the diagnostic code used was eighty five thirteen and that diagnostic code is only for uh... nerve impairments there's no mention of a four point seven one a diagnostic code which in the shoulder would have been fifty two oh one uh... and there's no discussion in the rating decision that talks about other than the fact that he was shot in the shoulder that that injury caused impairment rateable impairment in the nerves so uh... understanding the undisputed facts again the board's fact finding confirmed by the veterans court that this nineteen ninety six examination report demonstrated additional impairment in the shoulder joint that represents an increase at least enough to trigger an informal claim under this regulation why don't you say something about the uh... the other regulatory NEMR related one NEMR being the name of a case that back in the what time frame, late eighties to early nineties right? late eighties yes so in NEMR for the audience just a quick recap congress passed laws recognizing that the use of herbicide agent orange as most people know it and the V.A. took kind of drug their feet in implementing it there's a class action which is still going on to this day unfortunately uh... trying to force the V.A. to uh... to implement these rules uh... Mr. NEMR was the named uh... uh... appellant in that or the named uh... appellant in that class action uh... so the result of that is that the V.A. promised in the settlement agreement to create these special rules whereby if you have a claim uh... and these are under 3.816 uh... this one focuses on C2 there's two provisions two subsections uh... whereby if the uh... so subsection C1 reads that if the claimant's application or other supporting statements and submissions may reasonably be viewed under the standards governing compensation claims as indicated in an attempt to apply for the compensation or subsection two V.A. issued a decision so the veterans court in their decision on page twelve of the appendix held that NEMR footnote one could not apply to an informal increased rating claim and uh... and that's important here because coronary artery disease has not been has not been coded in a rating decision for the brachial plexus condition and this represents subsection C2 a decision it does not speak to subsection C1 which is where an application uh... or other supporting statements application referring to the claim may be reasonably viewed as uh... incorporating these herbicide related diseases uh... and we know from their uh... again from the secretary's federal register entry when he created this regulation that uh... V.A. procedural these are long-standing V.A. policy uh... provides that when disability compensation is claimed this is not restricted to original or initial claims as was uh... uh... held by the board the veterans court and in the secretary's briefing but just a disability compensation claim which an increased rating is uh... V.A. must make a formal rating decision as to each disability that was either claimed or noted in the veterans record and this is this uh... emphasize point noted in the veterans record that's where this special rule under the Nehmer footnote uh... that the impetus of this rule so if while a claim is pending or before a claim was decided if it had if it had been decided any records disclosed one of these herbicide related diseases before it was added to the list of presumptive conditions which is ischemic heart disease coronary artery disease was in two thousand ten then the regulation recognizes that that claim whether still pending or decided would have included that uh... herbicide related disease and if it's later after it was added a presumptive condition uh... disclosed or discovered and adjudicated the effective date relates back to that time period so what's required under this regulation is the presence in the record of an herbicide related disease before it uh... after a claim has been initiated and either and and after a claim has been initiated and before a decision is made it does not require a decision because the next decision which in this case was when they granted uh... the ischemic heart disease uh... then that that decision would have included it or if it had already happened in the past uh... prior to the the addition to the presumptive list then it relates back to that effective date so I'm having some trouble seeing where we are in the world of either factual determinations or application of law to fact can you succinctly explain to me why you think there was a legal interpretation here that pits you within our jurisdiction to review so there's uh... there's I think at least two your honor uh... number one is when a new impairment develops that has not yet been rated it represents an increase in that originally rated injury as a matter of law and so the veteran was shot in combat he was rated for the the nerve impairment in his left arm several decades later he comes back and now he can't lift his arm at all at the shoulder shoulder will not the shoulder joint has lost range of motion that is a different impairment that is on in addition to the nerve impairment as a matter of law that's our legal that's our legal uh... argument for that and when that happens under three one five seven additionally represents an increase increase doesn't mean that the nerve has to have gotten worse it means that there has to be additional disability subject to compensation and it's again indicates that a worsening has occurred not demonstrates that a worsening has occurred demonstrating and pyramiding under four point one four is the process of adjudicating the claim uh... not triggering an informal claim thank you a bunch of your rebuttal but we will restore the time we'll hear from the government good morning your honor and may it please the court the court should dismiss this appeal because as the court recognizes we are in the world of application of lot of fact or simply fact findings in the case as to the whether there is an informal incarcerating claim that infers a claim for ischemic heart disease that is based on a fact finding that the veterans court reviewed for a clear error made by the board at appendix sixty five that mister evans presenting to a VA facility in nineteen ninety six did not establish that he had a worsened condition than what was evaluated and found to be service connected in nineteen sixty eight that is a fact question that this court recognized in massey that is dispositive of the court's ability to review it under the limited jurisdiction in seventy two ninety two what is your response to the contention that in this case it's a legal question your honor in this case it is not a legal question because the crux of council office's argument is that there are there's an undisputed fact that there was a worsening of the condition because there is a new disability that was presented in nineteen ninety six the board's fact finding are the only undisputed facts in the record in appendix sixty five the board makes no finding of there being a new disability presented in nineteen ninety six but rather if the court were to turn to appendix sixty five the board reports essentially there that the condition that the veteran presents with in nineteen ninety six is the same condition that was service connected in nineteen sixty eight for example the board reports that appendix sixty five the board finds as a matter of fact that the initial rating was granted based on symptoms including but not limited to pain and limited function in the left shoulder and arm which resulted in medical discharge from the service and it cites the nineteen sixty eight rating decision the board goes on to find that although the VA treatment records appear to reflect improved symptoms from the initial award of service connection his complaint in nineteen ninety six as a matter of fact did not suggest a worsening since the prior evaluation in nineteen sixty eight first of all there's no legal support for the proposition that because the veteran presents with a new disability later down the road that represents a worsening of a previous disability but even if there were the facts in this case do not do not entitle the veteran to any relief because as a matter of fact there was presented there are not undisputed facts that a new disability was presented in nineteen ninety six and you don't so I'm not sure I'm understanding this quite correctly but you would disagree with the idea that this board decision could be read to say the only thing we are really finding is that there's no new disability which is a law laden concept not the underlying factual proposition that there is no physical worsening comparing nineteen sixty eight to nineteen ninety six the board in this case is making a fact finding of whether there is a as a matter of fact a worsened condition between nineteen ninety six and original service connection in nineteen sixty eight not a legal conclusion that your honor suggests I mean how does that relate to the sentence about this is the highest rating for nerve damage in the minor arm without complete paralysis that your honor suggests again as a matter of fact that the veteran having presented in nineteen ninety six with again limited motion in the left arm and shoulder but not complete inability to move was not a worsening of the condition between nineteen sixty eight and nineteen ninety six because the veteran in sixty eight had received the highest disability rating which the board summarizes as being nerve damage in the minor arm without complete paralysis rated at a sixty percent rating for his gunshot wound residuals in the left shoulder affected September nineteen sixty seven and appendix sixty five moving briefly your honor on to the veteran agrees that reply brief as Toronto pointed out page four of the reply brief that if the court finds that there is a dispositive factual issue that the court cannot reach with regard to whether there is a worsening condition in nineteen ninety six then the court should dismiss the appeal the court should dismiss the appeal and not go any further but even if the court were to proceed further and address the argument as to whether there if there is an informal increased rating claim in nineteen ninety six whether that claim actually infers a claim for ischemic heart disease the court similarly lacks jurisdiction over that issue in this case because the veterans court did not actually reach the merits of that issue as a legal matter but rather the veterans court applied the jurisprudential rule that the veteran failed to develop the argument in response to the secretary's defense of the board's decision on that point and that as we said in our brief in cases such as Halsey H-U-L-S-E-Y the court has found to represent a fact issue or application of a lot of facts that is beyond the court's jurisdiction the question of insufficient development is a fact question a jurisprudential rule that the veterans court applies similar to the waiver concept failure to present arguments in an opening brief and remind me is that your only your only argument about the NEMA regulation point aside from the point that it's not a dispute that without a claim you can't the regulation doesn't apply besides that the only argument you have is the veterans court never actually did any interpreting of the relevant section of the NEMA regulation but merely the lack of sufficient development of the argument our principle argument your honor is that the court lacks jurisdiction over whether the in the alleged informal language writing claim infers a claim for IHD because of the application of the jurisprudential rule on the undeveloped argument we do go on however in our plea to explain that the current effective date for Mr. Evans IHD service connectedness of February 2010 is correct under both NEMA footnote 1 and 38 CFR 3.816 C2 Romanet 2 because that is the first claim the diabetes claim in February 2010 is the first claim that the VA decided in May of 2010 following this IHD being found to be presumptive of service connected in August of 2010 and under NEMA footnote 1 and 3.816 C2 Romanet 2 the diabetes claim in February 2010 inferred a claim for IHD and in the special NEMA review that happened later the February 2010 effective date is correct if there are no further questions we respectfully request that the court dismiss the appeal thank you thank you hopefully I get through all my points your honor so BVS fact finding cannot overcome the law if the law says that it's a worsening if the law recognizes that the development of an additional disability is a worsening of the service injury the board's fact findings are irrelevant if the law requires one result then that's the result 4.25B in particular recognizes that separate disabilities from service injuries are entitled to separate ratings consistent with the anti-pyramiding rules but again those are all claim development which hasn't occurred here yet with respect to the 3.816 argument the court did mention that the reply brief was not very well written we don't dispute that but what we do show is that in the court's decision it very clearly articulated the safe position that we have here which is that an increased rating claim is covered under 3.816 C1I and that when a NEMA herbicide related condition is in the record while a claim for increase is pending then it's within the scope of that claim the court says in other words and this is on page 12 of the appendix I read it earlier but I think it's important to hear this in other words even if the increased rating claim remains pending NEMA footnote 1 does not apply under VA policy that is a very clear rule of law that the veterans court applied in the alternative assuming that if there is an increased rating claim pending it still wouldn't matter because under the regulation NEMA footnote 1 you cannot prevail and so that's the legal determination that Mr. Evans is disputing I also want to just make a quick correction and I should have led with this the appendix 22 is actually where the 1968 rating decision is and you'll see there that the condition the impairment that was rated diagnostic code 8530 is a neurological rating appendix 65 this is where the secretary talks about the board's fact finding but as the court highlighted the rating was for the nerve he was at the maximum rating for the nerve and under 4.25B and 1110 if the shoulder became impaired as a result of this combat injury that he suffered it would be or at least could be separately rated and again that's enough to trigger 3.157 so we would ask that the court find that a claim was filed informally and that the herbicide related disease was within the scope of that claim Thank you Thank you. Thanks to both counsel. The case is submitted